Khatiwada v. Garland

BIA
Vomacka, IJ
A206 298 476

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand twenty-three.

PRESENT:
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

BISHWAREKHA KHATIWADA,
> *Petitioner,*

v.                                                    20-1878
                                                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Gary J. Yerman, Esq., New York, NY.

**FOR RESPONDENT:**          Brian Boynton, Acting Assistant Attorney General; Keith I. McManus, Assistant Director; Scott

M. Marconda, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is GRANTED.

Petitioner Bishwarekha Khatiwada, a native and citizen of Nepal, seeks review of a May 27, 2020, decision of the BIA affirming a May 18, 2018, decision of an Immigration Judge ("IJ") denying Khatiwada's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bishwarekha Khatiwada*, No. A206 298 476 (B.I.A. May 27, 2020), *aff'g* No. A206 298 476 (Immig. Ct. N.Y. City May 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

## I.    Standard of Review

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA, *i.e.*, minus the grounds for the adverse credibility determination that the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Justice*,

2

426 F.3d 520, 522 (2d Cir. 2005).[1]  The applicable standards of review are well established.  *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under substantial evidence standard); *Singh v. Garland*, 11 F.4th 106, 115 (2d Cir. 2021) (reviewing reasonable internal relocation determination under substantial evidence standard).  Although we treat factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), we do not "defer to unreasoned rulings, or those based on legal error, faulty analysis, or misreadings of the record," *Dong Gao v. BIA,* 482 F.3d 122, 127 (2d Cir. 2007) (quoting *Li Zu Guan v. INS*, 453 F.3d 129, 136 (2d Cir. 2006)).

## II.  The Adverse Credibility Determination

The BIA upheld multiple findings in support of the IJ's adverse credibility determination, but the finding that Khatiwada was "unable to explain unusual aspects of [a] newspaper article, submitted to corroborate past events" was

---

[1] Khatiwada's challenge to the IJ's inconsistency finding is unnecessary because the BIA did not rely on that finding to uphold the adverse credibility determination.  *See Xue Hong Yang*, 426 F.3d at 522.

critical to both decisions. Certified Admin. R. ("CAR") at 3 (describing finding as the "most important[]").[2] This predominating finding was impermissibly "based upon speculation," so it does not "merit substantial evidence deference." *Cao He Lin v. U.S. Dep't of Just.*, 428 F.3d 391, 400 (2d Cir. 2005).

In support of his application for relief, Khatiwada submitted an article, purportedly published by a Nepali newspaper. It recounted that Khatiwada, the secretary of a local division of the Nepali Congress Party, had received death threats from Maoist Party members and left his village, and that the chairman of the local division of the Nepali Congress Party had been killed three days earlier by "an armed unknown group." CAR at 155. Though the Department of Homeland Security ("DHS") did not challenge the authenticity

---

[2] The IJ explained that its other supportive findings were of lesser probative value. *See* CAR at 54–55 ("[T]he Court is not claiming that . . . the demeanor issue . . . is a major, clear, black and white point that indicates the respondent cannot be considered credible."); *id.* at 53 ("This Judge tries to avoid basing a decision mainly on a demeanor finding because demeanor is a subjective matter[] . . . [a]nd . . . not very well recorded in our system of oral recording of the hearing which does not show how the respondent acted, looked, et cetera during his testimony."); *id.* at 60 (stating that it would not "deny [Khatiwada's] application as a matter of discretion for th[e] reason" that he had used false documents to obtain a visa).

4

of the article and the IJ did not find it to have been fabricated, the IJ identified "several problems" with it: "First, it was supposedly written while [Khatiwada] was in hiding," but includes his picture and "information about where [Khatiwada] is living in hiding, which certainly would be information [Khatiwada] would not want released," *id.* at 55; and "[f]urther, . . . [the article] was not written in a natural way as we would expect it to be if it were a true newspaper story" because it buries the lede by discussing the threats to Khatiwada before describing a more recent and "more significant" killing of a "higher ranking party official," *id.* at 55–56.

The IJ's "strong impression that this newspaper story, if it was ever published in a newspaper, was written to be beneficial to the respondent," *id.* at 56, was speculative in the absence of any challenge to the evidence by DHS. In *Jin Chen v. United States Department of Justice*, we remanded after rejecting the agency's determination that corroborating evidence "appeared fabricated" as "grounded solely on speculation and conjecture." 426 F.3d 104, 115 (2d Cir. 2005). There, "the Government was in possession of these documents for months prior to the merits hearing, and

5

had ample opportunity to procure evidence to impeach them," but "procured none." *Id.* Though the IJ raised skepticism regarding aspects of the evidence, the Court found that because the applicant's testimony "was not implausible," the IJ's determination necessarily relied upon impermissible speculation because "the Government . . . failed to create a sufficient record to support the IJ's adverse finding." *Id.* Similarly, DHS here made no submission before the hearing, did not challenge the article's authenticity, conducted no cross-examination on it, raised no "objections to any of the evidence that was filed," and offered "[no]thing [it] want[ed] to point out about [Khatiwada's] evidence." CAR at 141–42.

Further, the IJ's perception that the newspaper article "was not written in a natural way as *we* would expect it to be if it were a true newspaper story published for general news purposes," *id.* at 55 (emphasis added), was also speculative, reflecting the application of the IJ's unsupported beliefs of how a Nepalese journalist would have written the article. While inferences based on "known practices . . . in the United States" are plausible in "domestic case[s]," such a "basis is lacking" where "[w]e have no knowledge about . . . and the

6

record does not reflect that the IJ knew anything about . . . practices in" a foreign country. *Cao He Lin*, 428 F.3d at 405. To the extent the IJ faulted Khatiwada for his inability to explain the journalist's choices, "an applicant's failure to explain third-party omissions is less probative of credibility than an applicant's failure to explain his or her omissions." *Hong Fei Gao*, 891 F.3d at 81. At bottom, the IJ presumed, without basis, how a Nepali newspaper article about this subject matter should have been written, which necessarily required speculation as to journalistic practices in Nepal, information known to the journalist, and whether facts had or had not been reported previously in the newspaper.

Because the agency's predominating finding in support of its adverse credibility determination was based upon speculation and was unsupported by substantial evidence, we vacate the adverse credibility determination because "we are not certain that the agency would have reached the same conclusion as to [Khatiwada's] credibility in the absence of the errors it made." *Gurung v. Barr*, 929 F.3d 56, 58 (2d Cir. 2019); *see also Cao He Lin*, 428 F.3d at 395.

7

### III. The Purported Reasonable Internal Relocation Determination

The BIA interpreted that, "apart from the adverse credibility finding, the Immigration Judge found the respondent could relocate to Kat[h]mandu, where he had lived for 9 months," CAR at 4, and affirmed the denial of Khatiwada's application for relief on that independent basis because Khatiwada failed to challenge the IJ's purported finding. Though the IJ made some factual findings that could bear on a reasonable internal relocation analysis, it made no legally sufficient finding that Khatiwada could reasonably relocate in Nepal. Indeed, the IJ never used any derivation of the words "reasonable," "internal," or "relocate." *See Cao He Lin*, 428 F.3d at 401 (requiring "explicit" finding). Thus, it is not surprising that Khatiwada failed to appeal to the BIA a purported finding that did not explicitly appear in the IJ's decision. Moreover, if the IJ intended to deny Khatiwada's application on this basis, its cursory findings failed to apply the relevant factors. *See* 8 C.F.R. § 1208.13(b)(3); *Kone v. Holder*, 596 F.3d 141, 148 (2d Cir. 2010) (remanding where IJ's "cursory analysis neglect[ed] to make the specific finding required by the regulations of . . . the possibility of internal

8

relocation"). Accordingly, to the extent the IJ intended to render a reasonable internal relocation determination, we vacate it. *See Dong Gao,* 482 F.3d at 127.

                        *   *   *

For the foregoing reasons, the petition for review is GRANTED, the agency's decisions are VACATED, and the case is REMANDED. All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court